IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Thomas A. Moore, | ) | Civil Action No.: 1:04-376-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Rural Health Services, Inc., d/b/a | ) | |
| Margaret J. Weston Medical Center | ) | |
| (MJWMC), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In this matter, the plaintiff, Thomas A. Moore ("Moore"), alleges as federal claims violations of Title VII, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981. He also alleges state common law claims for breach of contract, defamation, invasion of privacy, and intentional infliction of emotional distress. The defendant, Rural Health Services, Inc. ("the Center"), alleges by way of counterclaim state common law claims of breach of covenant not to compete, restitution, and abuse of process. On February 22, 2005, the defendant filed a motion for summary judgment. The plaintiff filed a motion for summary judgment on February 22, 2005.

Pursuant to the provisions of Title 28 U.S.C. § 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), (D.S.C.), all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration. This matter is now before the undersigned for review of the Report and Recommendation ("Report"), which was filed by United States Magistrate Judge Bristow Marchant, on July 14, 2005. In his Report, Magistrate Judge Marchant carefully considers the issues and recommends that the defendant's motion for summary judgment regarding the plaintiff's claims under Title VII and § 1981 be denied. He also recommends that the plaintiff's state law claims for

1

breach of contract, defamation, and invasion of privacy be allowed to go forward. Magistrate Judge Marchant recommends that summary judgment be granted as to the plaintiff's outrage cause of action under state law. Magistrate Judge Marchant recommends that the plaintiff's motion for summary judgment be granted as to the counterclaim for abuse of process and that all other counterclaims be allowed to proceed.

On August 1, 2005, the parties filed a joint motion to stay due to the bankruptcy of the plaintiff. This Court signed a consent order staying the case on August 2, 2005. The stay was lifted on October 11, 2006.

Defendant filed objections to the Report on October 10, 2006, and Plaintiff has filed no objections.

In conducting this review, the Court applies the following standard:

> The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections . . .. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

**Facts**

The Court agrees with the factual and procedural background as set forth by the Magistrate Judge in his Report and Recommendation.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the Court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. National Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995).

**Discussion**

**Plaintiff's Title VII and Section 1981 claims and Defendant's Claim for Restitution**

Defendant's first specific objection to the report alleges that the Magistrate Judge erroneously recommended denying summary judgment on Plaintiff's claim for a racially discriminatory discharge

3

under Title VII of the Civil Rights Act of 1964, as amended, and/or 42 U.S.C. § 1981. The Center also contends that the Magistrate Judge should have recommended granting summary judgment to defendant on its counterclaim for restitution. The grounds for the above objection is that the uncontroverted evidence shows that Moore resigned from his employment in an effort to coerce the Center into continuing the employment of the Center's CEO, Tony Dunn.

The defendant first argues that Moore failed to establish a *prima facie* case that he suffered an adverse employment action, since he allegedly admitted that he resigned when he attended the April 23, 2002 executive session of the Center's Board, in an effort to persuade the Board to retain Dunn as CEO, citing a resignation letter dated April 25, 2002. This Court disagrees. As the Magistrate Judge points out, the record contains factual issues concerning this point. Moore asserts that, although he indicated to the Board that he would leave if Dunn was discharged, he advised Center staff the day after the meeting that he did not plan to resign and would fulfill his contract. Plaintiff also contends that the resignation letter was only prepared after he believed that his discharge was imminent. This and other evidence of record, when taken in a light most favorable to the plaintiff, mandates a finding that Moore has put forth sufficient evidence to proceed to trial under Title VII and § 1981. For the same reasons, the defendant cannot establish as a matter of law that its restitution claim should be granted.

Defendant also contends that it is entitled to summary judgment on the racial discrimination claims because Moore never notified anyone at the Center that he believed he had been subjected to racial discrimination, citing *Scott v. Ameritex Yarn*, 72 F.Supp.2d 587 (D.S.C. 1999). *Scott*, however, is distinguishable from the case at bar, since it was a sexual harassment case alleging constructive discharge due to alleged sexual harassment by a supervisor. The instant case, on the contrary, involves allegations of actual discharge by the employer. This argument lacks merit. The Court accordingly denies the defendant's motion for summary judgment as to the plaintiff's Title VII and Section 1983

claims. This Court also notes that the defendant did not make the notice argument before the Magistrate Judge. Thus, it would be inappropriate for this Court to entertain this additional argument at the summary judgment stage, as it was not presented to the Magistrate Judge. See e.g., Marshall v. Charter, 75 F.3d 1421, 1426 (10th cir. 1996) (issues first raised in objections deemed waived); Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638 (9th Cir. 1988) (Magistrates Act not "intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court."), overruled in part on other grounds, United States v. Hardesty, 977 F.2d 1347, 1348 (9th Cir. 1992) (*en banc*); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) ("Parties must take before the magistrate, not only their best shot but all of their shots").

The Center additionally moved for summary judgment on its counterclaim for restitution. This counterclaim alleges that the Center is entitled to restitution for a salary advance in the amount of $5384.62 which the Center paid to Moore before he began his employment. The claim is apparently based at least in part on the Center's allegation that Moore resigned from his employment. Based upon the finding already made that the case presents factual issues for the jury concerning whether an adverse employment action occurred, and the finding hereinbelow that factual issues are present regarding breach of contract, the Court denies the Center's motion for summary judgment on its restitution claim.

**Plaintiff's Breach of Contract Claim**

The defendant next argues that its summary judgment motion should be granted on the plaintiff's breach of contract claim on the basis that Moore resigned from his employment at the Board meeting, in an effort to use his resignation to coerce the Center into continuing the employment of Dunn. However, the Court agrees with the Magistrate Judge that factual issues on this point should be presented to the jury for decision. Therefore, the defendant's objection in this regard is overruled.

**Plaintiff's Invasion of Privacy Claim**

The Center asserts that Moore's invasion of privacy claim should be dismissed because he has produced no evidence that his employment file was released in a manner that caused him injury under South Carolina law. More specifically, the Center contends that, although certain information of Moore's past substance abuse and medical treatment was provided to a newspaper reporter, the reporter did not publish the information in the newspaper and, thus, no concrete injury occurred.

In order to prevail on invasion of privacy for wrongful intrusion into private affairs, Plaintiff must establish: (1) an intrusion; (2) into that which is private; (3) substantial and unreasonable enough to be legally cognizable; which was (4) intentional. *Snakenburg v. Hartford Casualty Ins. Co.*, 299 S.C. 164, 171-172, 383 S.E.2d 2, 6 (Ct. App. 1989). A plaintiff may proceed under three possible theories of recovery in a cased based upon invasion of privacy: wrongful appropriation of personality, wrongful publicizing of private affairs, and wrongful intrusion of private affairs. *Sloan v. South Carolina Dep't of Public Safety*, 586 S.E.2d 108 (S.C. 2003). When the action is founded upon intrusion alone, without evidence of public disclosure, the plaintiff must show "a blatant and shocking disregard of his rights, and serious mental or physical injury or humiliation to himself resulting therefrom." *Rycroft v. Gaddy*, 314 S.E.2d 39, 43 (S.C. 1984).

The Magistrate Judge found that a close question was presented regarding whether the plaintiff had adduced sufficient evidence of serious mental or physical injury as a result of the Center's actions in turning the information over to the reporter. However, he concluded that the plaintiff's testimony as to his humiliation regarding the matter was sufficient to withstand summary judgment. This Court agrees that the plaintiff's case appears to be weak on this point; however, the Court agrees with the Magistrate Judge that the motion for summary judgment should be denied as to the plaintiff's invasion of privacy claim.

**Plaintiff's Claim for Defamation** *per se*

Plaintiff bases his defamation claim on the alleged facts that, on the day his employment was terminated and in the presence of Center staff and patients, the Center requested the Sheriff's Department to escort the plaintiff from the Center and informed him that the plaintiff was stealing Center property. Plaintiff further alleges that Board members demanded that the deputy take him outside the Center and search his car. These facts are set forth in the plaintiff's deposition and in his Amended Affidavit [Docket #42-2]. The defendant asserts that the defamation claim should be dismissed because the plaintiff has produced no evidence, other than his own hearsay testimony, that anyone uttered the allegedly defamatory comments.

At the outset, the Court notes that the defendant did not assert the above ground in support of its motion for summary judgment. Therefore, it cannot be considered. Additionally, the plaintiff avers in his affidavit submitted in opposition to the motion for summary judgment, ¶43, that "during this time, Sutton was loudly stating in front of Center employees and patients that Moore was 'stealing' Center items when he was trying to get his belongings and demanded that the Sheriff's Deputy search his car." Therefore, the plaintiff has stated on his own personal knowledge [1] that defendant published to third parties an allegedly false and defamatory statement that plaintiff was stealing. This argument lacks merit.

Defendant also asserts that the use of a police escort was not defamatory *per se,* as this does not call into question his ability to practice his profession or insinuate that he committed a crime of moral turpitude so as to establish malice.

---

[1] The instant case is distinguishable from *Moody v. McLellean*, 295 S.C. 157, 163, 367 S.E.2d 449 (Ct. App. 1988), in which the court found that summary judgment should be granted on a defamation claim on the basis that the plaintiff did not actually hear anyone make the allegedly defamatory statements.

> If a defamation is actionable *per se*, then under common law principles the law presumes the defendant acted with common law malice and that the plaintiff suffered general damages. *Holtzscheiter v. Thomson Newspapers, Inc.*, 332 S.C. 502, 506 S.E.2d 497 (1998). If a defamation is not actionable per se, then at common law the plaintiff must plead and prove common law actual malice and special damages. *Id*. Slander is actionable per se if it charges the plaintiff with one of five types of acts or characteristics: (1) commission of a crime of moral turpitude; (2) contraction of a loathsome disease; (3) adultery; (4) unchastity; or (5) unfitness in one's business or profession. *Id*.

*Murray v. Holnam, Inc.*, 344 S.C. 129, 142, 542 S.E.2d 743 (Ct. App. 2001). The Court agrees with the Magistrate Judge that the plaintiff has made a sufficient showing of defamation *per se* at this juncture to withstand summary judgment. The defendant's motion for summary judgment on the defamation cause of action is accordingly denied.

**Counterclaim by Defendant for Breach of Covenant Not to Compete**

Defendant contends that it is undisputed that the plaintiff intended to resign his employment at the April 23, 2002 Board meeting and that he admitted that he signed a contract with a competing entity two weeks after leaving the Center. The Court finds, however, that factual issues exist on this point and that summary judgment for either party on this claim would be inappropriate.

**Counterclaim for Abuse of Process**

Defendant contends that its cause of action for abuse of process should be allowed to proceed based upon Moore filing an action in state court prior to receiving a right to sue letter. For the reasons stated by the Magistrate Judge, the Court finds that the plaintiff's motion for summary judgment should be granted as to this counterclaim. Defendant has failed to produce evidence of an ulterior purpose in initiating the state court lawsuit or a wilful act which is not proper during the conduct of the state proceedings. *See Hainer v. Am.Med.Int'l, Inc.*, 328 S.C. 128, 492 S.E.2d 103, 107 (1997).

**Issue Relating to Whether Plaintiff's Affidavit Should be Considered by the Court**

Defendant asserts that the plaintiff has improperly submitted an affidavit which conflicts with his deposition testimony and that the affidavit should not be considered. The record reflects that the parties vigorously disagree about whether the affidavit conflicts with the deposition testimony. In fact, the plaintiff has submitted an amended affidavit in an apparent effort to resolve some of these allegations. The Court has considered the deposition testimony of the plaintiff and the documentary evidence presented and believes that the affidavit does not constitute an effort by the plaintiff to create sham issues of fact.

## Conclusion

For the foregoing reasons, the Court overrules all objections to the Magistrate Judge's Report and Recommendation, adopts the Report and Recommendation and incorporates it herein by reference as modified by this Order. Accordingly, the defendant's motion for summary judgment regarding the plaintiff's claims under Title VII, § 1981, breach of contract, defamation *per se*, and invasion of privacy is **DENIED**. Additionally, no objections have been filed regarding the Magistrate Judge's recommendation that summary judgment be granted as to the plaintiff's outrage cause of action under state law. As such, summary judgment is hereby **GRANTED** with regard to the outrage cause of action. The plaintiff's motion for summary judgment is **GRANTED** as to the counterclaim for abuse of process and is **DENIED** in all other respects.

In the event the parties have not mediated this case, they are hereby **ORDERED** to do so within thirty (30) days of the date this Order is entered. This case will be set for trial during this Court's April, 2007 term. Counsel is instructed to comply with this Court's requirements regarding voir dire, pretrial briefs, joint jury instructions, and exhibits.

**AND IT IS SO ORDERED.**

                                                          s/ R. Bryan Harwell
                                                          R. Bryan Harwell
                                                          United States District Court Judge

Florence, South Carolina
February 27, 2007